**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KEENA KREMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-2512-JAR** |
| | ) | |
| **EQUIFAX INFORMATION SERVICES LLC** | ) | |
| **and MID AMERICA CREDIT UNION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AGREED PROTECTIVE ORDER

The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because documents and information have been and may be sought, produced or exhibited by and among the parties to this action which represent, relate to, reflect, and/or contain trade secrets, confidential research, development, technology or other proprietary information belonging to the Defendants, as well as financial and account information, personal income, personal identifying information, and credit and collection information related to Plaintiff.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information or Confidential – Attorneys' Eyes Only Information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.  For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

      a)      trade secrets;

      b)      confidential research, development, technology or other proprietary information or software belonging to the Defendants or Defendants' confidential financial matters, and

      c)      financial and account information, personal income, personal identifying information, and credit and collection information related to Plaintiff.

Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Form and Timing of Designation.**  The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  If the producing party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the producing party if particular documents containing Confidential Information it designates as "Confidential – Subject to Protective Order" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those particular documents as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The marking or words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are hereinafter referred to as the "marking." As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Confidential – Attorneys' Eyes Only Information are not required to be marked.  By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information or Confidential – Attorneys' Eyes Only Information as defined in this Order.

3

4.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information or Confidential – Attorneys' Eyes Only Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure. If a party designates a document as containing Confidential Information or Confidential – Attorneys' Eyes Only Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order, and upon request from the producing party certify that the designated documents have been treated pursuant to this Order.

5.      **Depositions.** All depositions or portions of depositions taken in this action that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other Confidential Information. The Parties shall have 21 days from the date a deposition is taken, or 14 days from the date a deposition transcript is received, whichever date is greater, to serve a notice to all parties designating portions as Confidential Information or Confidential – Attorneys' Eyes Only Information as defined in Paragraph 2 or 3. Until such time, all deposition testimony shall be treated as Confidential Information. To the extent any designations are made on the record during the deposition, the designating party need not serve a notice re-designating those portions of the transcript as Confidential Information. Any party may challenge any such designation in accordance with Paragraph 8 of this Order.

6.      **Protection of Confidential Material.**

(a)      **General Protections.**  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

81819932.1

(b) **Who May View Documents Designated as "CONFIDENTIAL –
SUBJECT TO PROTECTIVE ORDER."**  Except with the prior written consent of the
designating party or prior order of the court, designated Confidential Information that is marked
as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be disclosed to the
following persons:

(1)     The parties to this litigation, including any employees, agents, and
representatives of the parties;

(2)     Counsel for the parties and employees and agents of counsel;

(3)     The court and court personnel, including any special master appointed by
the court, and members of the jury;

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Any mediator appointed by the court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically
in connection with this litigation, but only after such persons have
completed the certification contained in Attachment A, Acknowledgment
and Agreement to be Bound;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but
only to the extent such confidential documents or information will assist the
witness in recalling, relating, or explaining facts or in testifying, and only
after such persons have completed the certification contained in Attachment
A.  Any such witnesses shall not retain a copy of documents containing
Confidential Information, except such witnesses may receive a copy of all
exhibits marked at their depositions in connection with review of the
transcripts;

(8)     The author or recipient of the document (not including a person who
received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or
other litigation services retained or employed specifically in connection
with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree. In no case shall information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or any information contained in, or derived from any such materials, be disclosed to any attorney whose office or firm has not entered an appearance in this lawsuit.

(c)    **Who May View Documents Designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."** Except with the prior written consent of the individual or entity designating a document or portions of a document as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or pursuant to prior Order after notice, any document, transcript or pleading given "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(1)    A party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Attachment A, Acknowledgment and Agreement to be Bound;

(2)    Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the Attachment A, Acknowledgment and Agreement to be Bound;

(3)    The Court and its personnel;

(4)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Attachment A, Acknowledgment and Agreement to be Bound;

(5)    Any mediator appointed by the court or jointly selected by the parties;

(6)    The Plaintiff;

(7)    The author or recipient of the document (not including a person who received the document in the course of the litigation);

(8)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(9)     Other persons only upon consent of the producing party and on such conditions as the parties may agree.  In no case shall information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or any information contained in, or derived from any such materials, be disclosed to any attorney whose office or firm has not entered an appearance in this lawsuit.

**(d)     Control of Documents.**  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**7.     Filing of Confidential Information.**  If a party seeks to file any document containing Confidential Information or Confidential – Attorneys' Eyes Only Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with Fed. R. Civ. P. 5.2(d).  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel

of record and unrepresented parties will have access to the sealed documents.  Pro hac vice attorneys must obtain sealed documents from local counsel.

8.      **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information or Confidential – Attorneys' Eyes Only Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion, but such a conference is not mandatory.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information or Confidential – Attorneys' Eyes Only Information under the terms of this Order.

9.      **Use of Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential Information or Confidential – Attorneys' Eyes Only Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information or Confidential – Attorneys' Eyes Only Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10.    **Obligations on Conclusion of Litigation.**

(a)    **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)    **Return of Confidential Documents.**  Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return and certify the fact of destruction; or (3) any materials which in the good faith judgment of counsel are work product materials.

(c)    **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.  An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11.    **Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.  The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

81819932.1

12. **Enforcement of Protective Order.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13. **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information or Confidential – Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

14. **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

15. **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information or Confidential – Attorneys' Eyes Only Information until they execute and file their written agreement to be bound by the provisions of this Order.

16. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information or Confidential – Attorneys' Eyes Only Information produced in this case by third parties, if timely requested by the third party.

17. **Confidential Information or Confidential – Attorneys' Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a

81819932.1

subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Confidential – Attorneys' Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Confidential – Attorneys' Eyes Only Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information or Confidential – Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information or Confidential – Attorneys' Eyes Only Information designated by the other party to this case.

18.     **Disclosure of Confidential Information or Confidential – Attorneys' Eyes Only Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not

81819932.1

limited to, information or documents that may be considered Confidential Information or Confidential – Attorneys' Eyes Only Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 14 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated:  January 28, 2022, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

  _/s/ Andrew M. Esselman_
Andrew M. Esselman     KS #26113
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit MO 64064
Telephone:  (816) 246-7800
Facsimile:  (816) 523-6884
andrewe@creditlawcenter.com

**Attorneys for Plaintiff**


  _/s/ Michael Kopit_
Alan L. Rupe           KS #08914
Michael Kopit        KS #25488
Lewis Brisbois Bisgaard & Smith, LLP
1605 North Waterfront Parkway, Suite 150
Wichita, KS 67206
Telephone:  (316) 609-7900
Facsimile:  (316) 462-5746
Alan.rup@lewisbrisbois.com
Michael.kopit@lewisbrisbois.com

**Attorneys for Defendant**
**Mid American Credit Union**


Dated:  January 28, 2022

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

  _/s/ G. Gabriel Zorogastua_
G. Gabriel Zorogastua     KS #23556
Phillip J. R. Zeeck       D. Kan. #78493
900 W. 48th Place, Suite 900
Kansas City, MO  64112
Telephone:  (816) 753-1000
Facsimile:  (816) 753-1536
gzorogastua@polsinelli.com
pzeeck@polsinelli.com

**Attorneys or Defendant**
**Equifax Information Services LLC**

13

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the case captioned, *Keena Kremer v. Equifax Information Services LLC, et al.*, Case No. 2:21-cv-02512-JAR-JPO, and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____ _____
                                                  Signature